F I L E D
CLERK, U.S. DISTRICT COURT
02/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANGEL BARRAGAN PIMENTEL,<br>DAVID LEOPOLDO PIMENTEL, and<br>MELVIN OMAR CORTEZ,<br><br>　　　　Defendants. | No. 8:24-cr-00025-CJC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Commit Mail Theft; 18 U.S.C. § 1708: Mail Theft, Attempted Mail Theft, and Possession of Stolen Mail; 18 U.S.C. §§ 111(a)(1), (b): Assault on a Federal Employee Using a Deadly and Dangerous Weapon Resulting in Bodily Injury; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about January 23, 2024, in Orange, Los Angeles, and Riverside Counties, within the Central District of California, defendants ANGEL BARRAGAN PIMENTEL ("BARRAGAN"), DAVID LEOPOLDO

PIMENTEL ("PIMENTEL"), and MELVIN OMAR CORTEZ ("CORTEZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, namely, mail theft, in violation of Title 18, United States Code, Section 1708.

B.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants BARRAGAN, PIMENTEL, and CORTEZ and others unknown to the Grand Jury would travel to United States Postal Service ("USPS") postal facilities (the "USPS facilities"), in vehicles with no license plates, to avoid law enforcement apprehension.

2.   After arriving at the USPS facilities, defendants BARRAGAN and CORTEZ would unlawfully enter the facilities' rear loading docks and, when confronted by USPS employees, would lie about why they had entered the rear loading docks.

3.   Defendants BARRAGAN and CORTEZ would then steal tubs of mail that were stored in the USPS facilities' rear loading docks in preparation for delivery.

4.   Defendant PIMENTEL would wait in a parked car near the USPS facilities and would drive off with mail stolen from the USPS facilities, striking a USPS employee with his car while fleeing from the facility.

5.   Defendants BARRAGAN, PIMENTEL, and CORTEZ would also travel to and steal mail from USPS mail collection boxes.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants BARRAGAN, PIMENTEL, and CORTEZ, together with other persons unknown to the Grand Jury, committed various overt acts in Orange, Los Angeles, and Riverside Counties, within the Central District of California, including, but not limited to, the following:

Overt Act No. 1:   On September 27, 2023, defendants BARRAGAN, PIMENTEL, and CORTEZ stole mail from USPS collection boxes in and around Burbank, California, using rat traps attached to string to take the mail from within the collection boxes.

Overt Act No. 2:   On January 5, 2024, defendants BARRAGAN and CORTEZ stole mail from the back dock of a USPS postal facility in Laguna Niguel, California.

Overt Act No. 3:   On January 23, 2024, defendant BARRAGAN attempted to steal mail from a USPS postal facility in Riverside, California.

Overt Act No. 4:   On January 23, 2024, defendants BARRAGAN, PIMENTEL, and CORTEZ, and two unidentified co-conspirators drove in a Nissan Sentra vehicle with a removed license plate ("the Nissan Sentra") to a USPS facility in Fullerton, California ("The Fullerton postal facility"), to steal mail from the facility.

Overt Act No. 5:   On January 23, 2024, defendant BARRAGAN, together with the unidentified co-conspirators, stole mail from the back dock of the Fullerton postal facility, while defendants PIMENTEL and CORTEZ waited in the Nissan Sentra.

Overt Act No. 6:   On January 23, 2024, after defendant BARRAGAN reentered the Nissan Sentra with mail stolen from the

3

Fullerton postal facility, defendants BARRAGAN, PIMENTEL, and CORTEZ fled from the Fullerton postal facility in the Nissan Sentra, with defendant PIMENTEL driving the Nissan Sentra.

Overt Act No. 7:   On January 23, 2024, while attempting to flee the Fullerton postal facility, defendant PIMENTEL struck a USPS employee with the Nissan Sentra and continued to drive through the USPS employee until the Nissan Sentra could escape by turning on to the street.

COUNT TWO

[18 U.S.C. §§ 1708, 2(a)]

[DEFENDANTS ANGEL BARRAGAN PIMENTEL AND MELVIN OMAR CORTEZ]

On or about January 5, 2024, in Orange County, California, within the Central District of California, defendants ANGEL BARRAGAN PIMENTEL and MELVIN OMAR CORTEZ, each aiding and abetting the other, stole, took, and abstracted mail and mail matter from and out of a mail route and authorized depository for mail matter, namely, a United States Post Office located in Laguna Niguel, California, with the intent to deprive the owners of the mail, temporarily and permanently, of its use and benefit.

COUNT THREE

[18 U.S.C. § 1708]

[DEFENDANT ANGEL BARRAGAN PIMENTEL]

On or about January 23, 2024, in Riverside County, California, within the Central District of California, defendant ANGEL BARRAGAN PIMENTEL attempted to steal, take, and abstract mail and mail matter from and out of a mail route and authorized depository for mail matter, namely, a United States Post Office located in Riverside, California, with the intent to deprive the owners of the mail, temporarily and permanently, of its use and benefit.

COUNT FOUR

[18 U.S.C. §§ 1708, 2(a)]

[ALL DEFENDANTS]

On or about January 23, 2024, in Orange County, California, within the Central District of California, defendants ANGEL BARRAGAN PIMENTEL, DAVID LEOPOLDO PIMENTEL, and MELVIN OMAR CORTEZ, each aiding and abetting the other, stole, took, and abstracted mail and mail matter, namely, approximately 505 pieces of mail, from and out of a mail route and authorized depository for mail matter, namely, a United States Post Office located in Fullerton, California, with the intent to deprive the owners of the mail, temporarily and permanently, of its use and benefit.

|     |     |
| --- | --- |
| 1   | COUNT FIVE |
| 2   | [18 U.S.C. §§ 1708, 2(a)] |
| 3   | [ALL DEFENDANTS] |

4  On or about January 23, 2024, in Orange County, California, within the Central District of California, defendants ANGEL BARRAGAN PIMENTEL, DAVID LEOPOLDO PIMENTEL, and MELVIN OMAR CORTEZ, aiding and abetting each other, unlawfully possessed mail matter that had been stolen and taken from the United States mail, namely, approximately 148 checks addressed to various individuals, and at that time and place, defendants ANGEL BARRAGAN PIMENTEL, DAVID LEOPOLDO PIMENTEL, and MELVIN OMAR CORTEZ knew that said mail and mail matter were stolen.

COUNT SIX

[18 U.S.C. §§ 111(a)(1), (b)]

[DEFENDANT DAVID LEOPOLDO PIMENTEL]

On or about January 23, 2024, in Orange County, California, within the Central District of California, defendant DAVID LEOPOLDO PIMENTEL intentionally and forcibly assaulted, resisted, impeded, intimidated, and interfered with S.T., an employee of the United States Postal Service, while S.T. was engaged in, and on account of, the performance of S.T.'s official duties, and in doing so made physical contact with S.T. and used a deadly and dangerous weapon, namely, a 2021 Nissan Sentra sedan motor vehicle, resulting in the infliction of bodily injury.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

  (a) all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

  (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

CAITLIN J. CAMPBELL
Assistant United States Attorney